■ WILLIAM QUADROZZI, Appellant, v COUNTY OF ULSTER et al., Respondents. [627 NYS2d 843] —Crew III, J. Appeal from an order of the Supreme Court (Torraca, J.), entered March 8, 1994 in Ulster County, which granted a motion by defendants Sidney Reiss and Brenda Reiss for summary judgment dismissing the complaint against them.

Plaintiff seeks to set aside a tax deed dated June 30, 1992 from defendant County of Ulster to defendants Sidney Reiss and Brenda Reiss. The property in question consists of a 41.8-acre parcel of vacant land located in the Town of Marbletown, Ulster County. It appears that the property originally was conveyed by Howard Abner and Joel Van Wynen to Jon-Bar Enterprises Corporation in 1982. Although not entirely clear from the record, it appears that Jon-Bar and another individual thereafter entered into separate mortgages with Van Wynen and Maxine Abner (hereinafter Abner), as custodian for Leslie Abner, with both mortgages being secured by the subject parcel.

In March 1983, Jon-Bar filed for bankruptcy. Shortly thereafter, plaintiff apparently acquired an interest in the parcel via assignment of a mortgage and judgment of foreclosure obtained by Van Wynen and Abner and subsequently acquired a bankruptcy trustee's deed to the parcel. For reasons known only to him, however, plaintiff never recorded his interest in this parcel.

The record indicates that the property taxes for 1988 went unpaid and, pursuant to RPTL 1002 (4), defendant Ulster County Treasurer sent a notice of tax sale to Jon-Bar indicating that the property would be sold on September 29, 1989 unless the $2,037.49 in taxes due was paid by that date. It appears that the taxes remained unpaid and the Treasurer transferred the property to the County. Thereafter, the Treasurer sent a notice to Jon-Bar advising that if the property was not redeemed by September 28, 1990, it would be conveyed to the purchaser. The property was not redeemed and, by notice dated January 29, 1992, the Treasurer advised all those with a publicly recorded interest in the property that the property would be sold at auction in April 1992. As plaintiff had failed to record his interest in the parcel, he did not receive such a notice.

On April 23, 1992, the County held a public auction and the Reisses purchased the property. A quitclaim deed memorializing the transaction was issued to the Reisses on June 30, 1992. At some point thereafter, plaintiff apparently became aware of the sale and his attorney sent a check to the Treasurer attempting to redeem the property. The Treasurer refused the check, and plaintiff commenced this action seeking to set aside the conveyance to the Reisses based upon, *inter alia*, the County's failure to notify him of the sale. Following joinder of issue, the Reisses moved for summary judgment dismissing the complaint. Supreme Court granted the motion and this appeal by plaintiff ensued.

We affirm. Assuming, without deciding, that this action is not time barred (see, RPTL 1020 [4]), we initially reject plaintiff's assertion that he had until September 29, 1992 to redeem the property in question. RPTL 1024 (1) provides, in relevant part, that where statutory notice of a tax sale has not been given or established, "[t]he holder of any mortgage upon real property duly recorded at the time of the sale thereof for unpaid taxes" may redeem such property any time within three years following the sale. Plaintiff, seeking to avail himself of this provision, contends that because he did not receive notice of the sale, he had three years from the date of the sale, September 29, 1989, in which to redeem the parcel. Plaintiff's argument on this point, however, ignores the fact that he never recorded his mortgage on the property. Hence, while it is true that a mortgage interest was recorded on the parcel in question, i.e., the Van Wynen mortgage, plaintiff's assignment of that mortgage was not recorded and, therefore, he is not entitled to the additional redemption period provided by RPTL 1024 (1). Accordingly, plaintiff's purported redemption was untimely.[1]

We similarly reject plaintiff's assertion that the County failed to comply with the statutory notice requirements. The record plainly demonstrates that the County published notice of the then-impending public auction and that all individuals with a publicly recorded interest in the parcel were notified and advised of the opportunity to redeem the parcel. We also disagree with plaintiff's assertion that, notwithstanding his failure to record his interest in the parcel, there was sufficient evidence in the record to raise a question of fact as to whether the County had actual or constructive notice of his interest. Although plaintiff contends that the County was placed on notice by virtue of his payment of the 1984 taxes due on the parcel, the record indicates that neither the check nor the letter sent by plaintiff's counsel so much as mentions plaintiff's name; notably, both the check and the letter bear the account number for Jon-Bar, and it appears that plaintiff's attorney at one point represented Jon-Bar as well. We therefore fail to see how such payment placed the County on notice of plaintiff's interest.[2] As to the various notices published with respect to the foreclosure sale, we are not persuaded that this was sufficient

1. Additionally, we note that plaintiff's attempted redemption of the parcel was flawed. The parcel was sold due to the failure to pay the 1988 taxes; plaintiff attempted to redeem the parcel by tendering the amount due for the 1990 taxes.

2. Indeed, if such payment demonstrates anything, it is plaintiff's awareness both that taxes would be levied regularly upon the property and that he

to put the County on notice of plaintiff's interest in the property, particularly in view of the fact that plaintiff never duly recorded the assigned mortgage, the judgment of foreclosure or the deed he obtained for the property. Plaintiff's remaining contentions have been examined and found to be lacking in merit.

Mikoll, J. P., Mercure, Casey and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs to defendants Sidney Reiss and Brenda Reiss.

had an obligation to pay them. Hence, plaintiff's claim that the County was somehow negligent in failing to provide him with tax notices for the parcel is specious; plaintiff was already well aware of his obligation in this regard.